NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEATRIZ CORONA CHAVEZ, AKA Beatrice Adriana Corona, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   14-70746 <br><br> Agency No. A205-387-121 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 12, 2019[**]
Pasadena, California

Before:  FERNANDEZ and M. SMITH, Circuit Judges, and OTAKE,[***] District Judge.

Beatriz Corona Chavez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jill Otake, United States District Judge for the District of Hawaii, sitting by designation.

Immigration Judge's ("IJ") denial of her requests for withholding of removal as well as deferred removal pursuant to the Convention Against Torture. She also challenges the BIA's failure to remand her case to an IJ for a competency hearing after the Department of Homeland Security ("DHS") notified the BIA of her diagnosis for adjustment disorder with anxiety and her possible class membership in the *Franco-Gonzalez v. Holder*, No. CV 10-02211 DMG (DTBx) (C.D. Cal.) litigation. We grant the petition, vacate the BIA's decision, and remand.

We have jurisdiction to address the competency issues raised in this appeal because they are purely legal, *see* 8 U.S.C. § 1252(a)(2)(D), and are therefore excepted from 8 U.S.C. § 1252(a)(2)(C).

The BIA erred by serving as a fact finder and effectively determining that Corona Chavez was competent to represent herself on appeal. The BIA had no findings to review regarding Corona Chavez's competency to represent herself. Moreover, DHS's notice sufficiently alerted the BIA that she may be mentally incompetent to represent herself during the appeal. To the extent that the BIA relied on the absence of additional evidence accompanying the DHS notice, it should have remanded to the IJ with instructions to receive information from DHS concerning Corona Chavez's mental competency. *See Calderon-Rodriguez v. Sessions*, 878 F.3d 1179, 1183 (9th Cir. 2018). And because the BIA could not make findings regarding Corona Chavez's competency, it should have remanded to

14-70746

the IJ to assess her competency under the framework articulated in *Matter of M-A-M-*, 25 I&N Dec. 474 (BIA 2011).

We vacate the BIA's decision and remand to the BIA with instructions to remand to the IJ for an assessment about Corona Chavez's competency to represent herself in her BIA appeal and whether she should be provided with a qualified representative in accordance with *Franco-Gonzalez*.

Petition **GRANTED**, **VACATED**, and **REMANDED**.

*Corona Chavez v. Barr*, No. 14-70746

FERNANDEZ, Circuit Judge, concurring in part and dissenting in part:

I fully agree with the majority that the petition should be granted. However, in my view it is not clear that either the regulation,[1] the case law,[2] or the Implementation Order[3] requires that the IJ make findings regarding whether Corona is competent to represent herself before the BIA on appeal.[4] I would simply remand the case to the BIA, rather than directing that it further remand to the IJ. *See Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005)

Thus, I respectfully concur in part and dissent in part.

---

[1]*See* 8 C.F.R. § 1003.1(b)(3), (d)(3)–(4).

[2]*See In re M-A-M-*, 25 I. & N. Dec. 474, 478, 484 (B.I.A. 2011).

[3]*See* Order Further Implementing This Court's Permanent Injunction, *Franco-Gonzalez v. Holder*, No. CV-10-02211 DMG (DTBx), 2014 WL 5475097, at *3, *10 (C.D. Cal. Oct. 29, 2014); *see also* Partial Judgment and Permanent Injunction, *Franco-Gonzalez v. Holder*, No. CV-10-02211 DMG (DTBX) 2013 WL 8115423 (C.D. Cal. Apr. 23, 2013).

[4]Corona's prior representation before the IJ is not in question here.